IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAYED T. AUQELEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | C.A. No. ___08 - 2 5 7 |
| v. | : | |
| | : | |
| BANK OF AMERICA CORPORATION, | : | |
| a Delaware Corporation | : | |
| | : | **Jury Trial Demanded** |
| Defendant. | : | |

## COMPLAINT

1.    This is a case of gender, religious, national origin and race discrimination, and retaliation leading to failure to promote and ultimately constructive discharge.  Plaintiff proceeds under mixed motives and/or pretext theories under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq as amended in 1991, and The Civil Rights Act of 1866, 42 U.S.C. § 1981; 42 U.S.C. § 1981(a).  This is also an Equal Pay Act case under 29 U.S.C. § 206(d).

## JURISDICTION

2.    The jurisdiction of this court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq ["Title VII"]; 42 U.S.C. § 1981A, the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072; The Civil Rights Act of 1866, 42 U.S.C. § 1981; 42 U.S.C. § 1981(a); 28 U.S.C. §§ 1331 and 1337.  The action also arises under the Equal Pay Act, 29 U.S.C. § 206(d) et seq ["EPA"].

3.    All conditions precedent to Title VII jurisdiction have occurred or have been complied with.  On or about December 19, 2006, within 300 days of the commission of any unlawful employment practice, a charge of employment discrimination based upon gender, religious, national origin and race discrimination, and retaliation was filed with the Equal

Employment Opportunity Commission ("EEOC"). On or about February 4, 2008 a Right to Sue

letter was issued by the EEOC.[1]

4.     The unlawful employment practices and discrimination alleged herein were

committed within the State of Delaware and /or the employment records relevant to such

practices are maintained and administered in this judicial district. Therefore, venue in this

judicial district is proper under 42 U.S.C. § 2000e - 5(f)(3).

## THE PARTIES

5.     The Plaintiff, Sayed T. Auqeley ("Auqeley"), is a Delaware resident residing at

1864 Brackenville Road, Hockessin, DE 19707. At the relevant time in question, he was a male

Muslim who had been born in Afghanistan and who at all times was a diligent, loyal and able

employee of defendant Bank of America, having worked there for nine years.

6.     The Defendant, Bank of America ("BOA") is a Delaware corporation licensed to

do business in Delaware. It is a bank and credit card company. It has thousands of employees in

the United States. Its registered agent for service of process is The Corporate Trust Co. located

at Corporate Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## FACTUAL BACKGROUND

7.     Auqeley had been employed by BOA from February 8, 1999 until February 12,

2008, when he resigned and became constructively discharged. He was promoted five times

until he obtained his last position of Market Research Team Lead 1. He began in that position

on or about March of 2005. Thereafter, discrimination occurred and has continued to occur.

---

[1]Plaintiff filed two EEOC charges - one on December 19, 2006 and one on March 6, 2008. When a Right to Sue letter is issued by the EEOC concerning this second charge, the it will be added/amended to this Complaint.

8.      All of the discriminatory actions taken against Auqeley have taken place in Newark, Delaware.

9.      The Respondent is a for profit corporation with more than 500 total employees.

10.     Auqeley is a 25 year old male Muslim of Middle Eastern (Afghani) national origin and race.   His birthdate is November 21, 1982.  Prior to filing in good faith an EEOC charge against Respondent on December 19, 2006, he always received good or very good performance evaluations.

11.     On or about March, 2005, he was laterally transferred into Custom Insights Department/Team Lead position.  He was hired alongside Lynde Bradford and Jaime Maier. They were both former collection representatives at lower grades than Plaintiff yet they were both brought in at higher grades.   Maier was hired as Plaintiff's Section Manager despite the fact that Plaintiff had more experience and was more qualified for the Section Manager position. Plaintiff let management know he was interested in the position.

12.     Lynde Bradford was given a higher payout for the same job performance as Plaintiff.  The incentives were not prorated based on hours and Ms. Bradford and Plaintiff have the same exact requirements and were held accountable to the same standards.  Nevertheless, Lynde Bradford was still being paid out at a higher tier.  The differential treatment and disparity went beyond pay as Plaintiff was denied an accommodation (have calling hours waived or reduced) for a medical problem which required him to be on medication for a week during April, 2006.  While at that same time Lynde Bradford was accommodated due to a death in her family. She did not complete her hours yet still received full payout.  Plaintiff was forced to do his calling while impaired.

13.    Also in February, 2006, Plaintiff was informed that Lynde Bradford was promoted into a Customer Service Team Manager position. Contrary to policy, this job was not even posted. Plaintiff was pretextually told that the decision to promote her over Plaintiff was based on availability and merit. Later, after Plaintiff provided a list of his accomplishments, he was told pretextually that due to MBNA merging with BOA she was converted into the position.

14.    On or about September 2006, the position of Dept. Manager was filled without posting the job in violation of company policy. Plaintiff was more qualified for the position yet could not even apply. Similarly Plaintiff found out Jaime Maier was promoted to Banking Officer in November of 2006 without posting and without an announcement.

15.    Plaintiff was never given a Personal Development Plan as were young females Jaime Maier and Lynde Bradford. He was told that he didn't need one.

16.    On or about December 19, 2006, Plaintiff filed discrimination charges with the EEOC. Thereafter, Defendant became aware of the charges.

17.    On or about April 12, 2007, Senior V.P. Zohreh Leach interrogated Auqeley. She said that he had a "negative attitude." He was told that he had 30 days to make it better.

18.    On or about April 16, 2007, Auqeley provided a written response to her criticism. During this response, he reiterated his conclusion that the actions taken against him were discriminatory.

19.    On or about May 3, 2007, Senior V.P. Zohreh Leach told Plaintiff that his supervisor, Jaime Maier alleged that at the end of a meeting, Plaintiff threw his hands up and exclaimed, "What the F—!" This allegation was false.

20.    On or about May 7, 2007, Human Resources employee Jay Fetterman (Male,

Caucasian) conducted a meeting with Plaintiff and Ms. Leach present. Fetterman stated that manager Maier said that Auqeley missed a due date on a project. But the project due date was actually May 10, 2007, and he completed the project by that date. In addition, other similarly situated employees who do not comprise Auqeley's suspect classifications had missed due dates and were not disciplined at all.

21.    Ms. Leach stated that she had heard comments during focus groups that Plaintiff "seemed depressed." But Ms. Leach was already aware that he was on anti-depressants caused by the Respondent's discrimination against him. Despite his reasons disputing Ms. Maier's accusations, he was given three options: 1) immediate sustained improvement, 2) final warning, or 3) dismissal.

22.    On or about June 21, 2007, he unfairly received a final written warning.

23.    Thereafter, Jaime Maier unfairly gave Auqeley a "does not meet expectations" for the subjective part of his January 2007 - June 2007 evaluation.

24.    On or about, October 9, 2007, Jaime Maier forced him to use vacation time, allegedly because he did not reach his hours for one pay period. This is contrary to policy and/or practice, however.

25.    Although he is supposed to be scheduled for 37 hours per week, he frequently is not scheduled for that many hours. Meanwhile, similarly situated employees such as Robin Foster received all of the hours they request.

26.    Under the Respondent's progressive discipline policy and/or practice, progressive discipline for various infractions are essentially cumulative. So in order to rise to a higher level of discipline, the employee must be disciplined for a particular category of

discipline previously.   For example, one must be disciplined for absences at least once previously before further discipline leads to a higher level of discipline.

27.     Jaime Maier and Richard Croswell repeatedly told Plaintiff that he cannot leave early, but others who are not in Plaintiff's suspect classifications were allowed to leave early.

28.     Defendant has repeatedly scheduled other similarly situated employees more favorably than Plaintiff.

29.     On or about, October 30, 2007, Senior Vice President Richard Croswell told Plaintiff, "You're not a man!"

30.     On or about November 8, 2007, Plaintiff unfairly received an Addendum to Final Warning.  During this meeting with Jaime Maier and Richard Croswell, Plaintiff broke down. He subsequently went out on short term disability leave.

31.     When faced with the necessity of returning to work for Defendant after short term disability no longer applied to him, he tendered his resignation on February 12, 2008. Given the aforementioned adverse actions, he could not continue to work there.

32.     Under the circumstances, a reasonable person in Plaintiff's position would not return to work for Defendant because Defendant had made the terms and conditions of employment too onerous to return.

33.     As a direct and proximate result of Defendant's adverse actions towards Plaintiff, Plaintiff has and is suffering lost wages and benefits, attorney's fees, social security benefits, injury to reputation, and other emotional pain and suffering and compensatory injuries and damages.

## Count I - Discrimination and Retaliation

34.    Plaintiff repeats and realleges paragraphs 1 - 33 set out above.

35.    Plaintiff was subjected to disparate treatment based on his gender, religious reliefs, national origin, race and/or due to retaliation for engaging in protected activity.  He was a male Muslim who had been born in Afghanistan.  He was qualified for and satisfactorily performed his job, but he was denied promotion, harassed, paid inequitably, treated unfairly concerning his work hours and schedule, written up, and constructively discharged due to his suspect classification and/or due to retaliation for engaging in protected activity.  Any alleged non-discriminatory reasons for the treatment of plaintiff are a pretext for discrimination.  Alternatively, upon information and belief, there is direct evidence of discrimination.

36.    The motivating or determinative reason for plaintiff's ultimate termination was discrimination because of his gender (male), religion (Muslim), national origin (Afghanistan), race (Middle Eastern) and/or retaliation for engaging in protected activity.  Any other reasons given by the defendant are a pretext for discrimination.

37.    The motivating or determinative cause for the treatment of plaintiff was either his gender, religion, national origin, race, and/ or retaliation.  His constructive discharge and all other adverse actions against him were temporally and causally related to his protected status and/or to his engaging in protected activity.

38.    In the alternative, any reasons provided by the defendant for the treatment of plaintiff are pretextual and a cover-up for gender, religious, national origin, race and/or retaliatory discrimination.

## Count II – Equal Pay Act Violations

39.    This paragraph repeats and realleges paragraphs 1-38 set out above.

40.    At all times hereinafter mentioned, the defendant has employed and it is employing a substantial number of employees in and about its said establishment in Newark, Delaware.  By reason of their activities, the defendant and its said employees, including the plaintiff, have been engaged in commerce within the meaning of the Equal Pay Act (29 U.S.C. §206(d), et seq.).

41.    Defendant is, and at all times hereinafter mentioned was, engaged in the performance of related activities through unified operation or common control for a common business purpose and it is an enterprise within the meaning of the Equal Pay Act.  Defendant's said establishment in Newark, Delaware has, and all times hereinafter mentioned has had, many employees engaged in commerce and it is and all times hereinafter mentioned has been, an establishment of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.

42.    Defendant, the former employer of plaintiff herein, who was an employee subject to the provisions of the Act, has during the period since January, 2004, repeatedly and willfully violated the Act by discriminating between employees on the basis of gender by paying wages to the plaintiff at rates less than the rates at which it pays wages to female employees in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

44.    A judgment granting damages in the amount of the difference between the wages actually received by the plaintiffs and the wages paid to male employees for equal work within

the meaning of the Equal Pay Act together with an additional equal amount as liquidated damages is specifically authorized by the Act.

WHEREFORE, plaintiff respectfully prays that the Court grant the following relief:

A.    Enter judgment against the defendant for violations of Federal law.

B.    Enter a declaratory judgment declaring the actions of the defendant to be violations of Federal law.

C.    Issue a mandatory injunction requiring the defendant to reinstate plaintiff to her previous position or to one of the other sales manager positions, or in the alternative, award damages in the form of front pay, loss of benefits, any incidental damages, and liquidated damages.

D.    Award money damages against the defendant in an amount to be determined at trial, for front pay, back pay, and lost benefits, and any incidental damages to which plaintiff is entitled and also enjoin the defendant to make any appropriate adjustments for lost benefits.

E.    Enter judgment against the defendant for nominal, liquidated, compensatory and punitive damages for violation of plaintiff's rights.

F.    Enter an award for monetary damages and any other relief which is allowed under Title VII, 42 U.S.C. § 1981 and the EPA.

G.    Enter an award of attorneys' fees and costs and pre-and post-judgment interest against the defendant.

H.    Require such other and further relief as is equitable, just and proper.

I.    Enter judgment against defendant ordering the defendant to pay the plaintiff an amount equal to the difference between the wages actually received and the wages paid to male

employees performing equal work within the meaning of the Equal Pay Act and interest thereon together with an additional equal amount as liquidated damages.

> **MARTIN D. HAVERLY, ESQUIRE**
>
> _[signature: Martin D. Haverly]_
>
> **MARTIN D. HAVERLY, ESQUIRE**
> Bar No. 3295
> Two East 7th Street, Suite 201
> Wilmington, Delaware 19801
> (302) 654-2255
> martin@haverlylaw.com
>
> Attorney for Plaintiff

Dated: May 2, 2008

10

JS 44 (Rev. 3/99)                                  **CIVIL COVER SHEET**    ORIGINAL

08 - 2 5 7

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

Sayed T. Auqeley

**DEFENDANTS**

Bank of America Corporation

**(b)**  County of Residence of First Listed _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Martin D. Haverly
Two East 7th Street, Suite 201
Wilmington, DE 19801 (302)654-2255

Attorneys (If Known)

**II. BASIS OF JURISDICTION**    (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

X 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties
       in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | X 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**                                    (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

This is a case of gender, religious, national origin and race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, U.S.C. §§ 2000 et seq as amended in 1991; The Civil Rights Act of 1866, 42 U.S.C. § 1981(a) and an Equal Pay Act case under 29 U.S.C. § 206(d).

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $**    CHECK YES only if demanded in complaint:
**JURY DEMAND:**  X Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):  JUDGE _____    DOCKET NUMBER _____

DATE  5/2/08    SIGNATURE OF ATTORNEY OF RECORD  Martin D. Haverly

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 5 7 _____

## ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____/_____ COPIES OF AO FORM 85.

___5|2|08___
(Date forms issued)

___Anne C. Symons___
(Signature of Party or their Representative)

___Anne C. Symons___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action