IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAYED T. AUQELEY,<br><br>          Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA CORPORATION,<br><br>          Defendant. | Civil Action No.:  08-257 SLR<br><br>Trial By Jury Demanded |

## ANSWER

Defendant Bank of America Corporation[1] ("Defendant"), through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1.     Defendant admits that Plaintiff purports to bring claims of gender, religious, national origin and race discrimination, and retaliation pursuant to Title VII of the Civil Rights Action of 1964, 42 U.S.C. § 2003, the Civil Rights Act of 1966, 42 U.S.C. § 1981, and the Equal Pay Act, 29 U.S.C. § 206(d).  Defendant denies that it violated any of those statutes and denies that it discriminated or retaliated against Plaintiff, or otherwise violated Plaintiff's rights, under any theory.

## JURISDICTION

2.     Defendant admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to Title VII of the Civil Rights Action of 1964, 42 U.S.C. § 2003, the Civil Rights Act of 1966, 42 U.S.C. § 1981, and the Equal Pay Act, 29 U.S.C. § 206(d).  Defendant specifically denies liability under any of those statutes, but admits that this Court has jurisdiction over this matter.

---

[1] Plaintiff Sayed Auqeley was never employed by Bank of America Corporation.  He was employed by a subsidiary of Bank of America Corporation, MBNA Marketing Systems, Inc., which is the proper defendant in this matter.

3.  Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 19, 2006, in which Plaintiff alleged discrimination on the basis of sex, religion, and national origin. Defendant further admits that the EEOC issued a Dismissal and Notice of Rights related to that Charge on or about February 4, 2008.  Defendant denies the remaining allegations of this paragraph and its footnote.

4.  Defendant denies that it engaged in any unlawful employment practices or discriminated against Plaintiff in any way, but admits that venue is proper in this Court.

## THE PARTIES

5.  Defendant Bank of America Corporation denies that it ever employed Plaintiff.  At the time of his resignation, Plaintiff was employed by MBNA Marketing Systems, Inc., and had been working for MBNA Marketing Systems, Inc., or a predecessor since February 1999.  Defendant is without knowledge or information sufficient to admit or deny the allegations regarding the location of Plaintiff's residence, his religion, or his place of birth.  Defendant denies the remaining allegations of paragraph 5.

6.  Defendant denies the allegations of paragraph 6 because there is no entity "Bank of America."

## FACTUAL BACKGROUND

7.  Defendant denies the Plaintiff was ever employed by "Bank of America" or Bank of America Corporation.  Defendant admits that at the time of his resignation on February 12, 2008, Plaintiff was employed by MBNA Marketing Systems, Inc., and had been working for MBNA Marketing Systems, Inc. or a predecessor since February 1999.  Defendant denies the remaining allegations of paragraph 7.

8. Defendant denies that Plaintiff was discriminated against in any way, and denies the allegations of paragraph 8.

9. Defendant admits that MBNA Marketing Systems, Inc. is a for profit corporation with more than 500 employees.

10. Defendant admits that Plaintiff is a male and that his date of birth is November 21, 1982. Defendant is without knowledge or information sufficient to admit or deny the allegations regarding Plaintiff's religion, national origin and race and what Plaintiff may consider to be "good faith" or "good or very good performance evaluations" and denies the remaining allegations of paragraph 10.

11. Defendant admits that Plaintiff transferred to the Customer Insights Call Center in April 2005 in a Team Lead position. Defendant denies the remaining allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant admits that Lynde Bradford was promoted into a Customer Service Team Manager position in May 2006 and that the position was not posted. Defendant denies the remaining allegations of paragraph 13.

14. Defendant admits that Jaime Maier became an Officer in November 2006. Defendant denies the remaining allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant admits that Plaintiff filed a Charge of Discrimination that alleged discrimination on the basis of sex, religion, and national origin with the Equal Employment Opportunity Commission ("EEOC") on or about December 19, 2006. Defendant

admits that the EEOC issued a Notice of Charge of Discrimination dated January 9, 2007. Defendant denies the remaining allegations of paragraph 16.

17. Defendant admits that Zohreh Leach, Jaime Maier and Plaintiff met on April 12, 2007. Defendant denies the remaining allegations of paragraph 17.

18. Defendant admits that Plaintiff gave a writing dated April 16, 2007 to Zohreh Leach. The writing speaks for itself. Defendant denies any remaining allegations of paragraph 18.

19. Defendant admits that Zohreh Leach spoke with Plaintiff about his conduct on May 3, 2007, but denies the remaining allegations of paragraph 19.

20. Defendant admits that Jay Fetterman and Zohreh Leach spoke with Plaintiff on May 7, 2007, and that they discussed among other things Plaintiff's need to complete his projects within set deadlines. Defendant denies the remaining allegations of paragraph 20.

21. Defendant admits that Plaintiff was told during the meeting referenced in paragraph 20 that Plaintiff was expected to improve his behavior and performance immediately. Defendant denies the remaining allegations of paragraph 21.

22. Defendant admits that Plaintiff was given a Final Written Warning dated June 18, 2007. Defendant denies the remaining allegations of paragraph 22.

23. Defendant admits that Plaintiff received a rating of "Does Not Meet Expectations" on the Behavior Rating in his performance review for the first half of 2007. Defendant denies the remaining allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

DB02:6845480.1                                                                                                                    061442.1005

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant admits that Plaintiff was given an Addendum to his Final Written Warning dated November 8, 2007, and that Plaintiff went out on a medical leave of absence in November 2007. Defendant is without knowledge or information sufficient to admit or deny the allegation that "Plaintiff broke down" and denies the remaining allegations of paragraph 30.

31. Defendant admits that Plaintiff's short term disability ended on January 14, 2008 and that Plaintiff tendered his resignation on February 12, 2008. Defendant denies the remaining allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33

## COUNT I – DISCRIMINATION AND RETALIATION

34. Defendant incorporates herein by reference its answers to paragraphs 1 through 33.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

## COUNT II – DISCRIMINATION AND RETALIATION

39. Defendant incorporates herein by reference its answers to paragraphs 1 through 38.

40. The allegations of paragraph 40 constitute a legal conclusion which Defendant is not required to admit or deny. Defendant admits that MBNA Marketing Systems, Inc. is subject to the Equal Pay Act.

41. The allegations of paragraph 41 constitute a legal conclusion which Defendant is not required to admit or deny. Defendant admits that MBNA Marketing Systems, Inc. is subject to the Equal Pay Act.

42. Defendant denies the allegations of paragraph 42.

43. There is no paragraph 43.

44. The allegations of paragraph 44 constitute a legal conclusion which Defendant is not required to admit or deny.

Defendant responds to the unnumbered "WHEREFORE" paragraph at the end of the Complaint, and each of its subparagraphs, by stating that it denies that Plaintiff is entitled to any of the requested relief against Defendant under any theory.

Defendant further responds to Plaintiff's Complaint by stating that any allegations not specifically admitted herein are denied.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are not actionable because Plaintiff cannot establish a *prima facie* case of discrimination or retaliation under any theory.

### THIRD DEFENSE

Plaintiff's claims are not actionable because Defendant's conduct with respect to Plaintiff and the reasons therefore were in all cases legitimate, nondiscriminatory, and nonretaliatory.

### FOURTH DEFENSE

Plaintiff's claims are not actionable because Plaintiff cannot show that any reason offered by Defendant for its conduct with respect to Plaintiff was in any way or in any case a pretext for purposeful, intentional and/or legally prohibited discrimination or retaliation.

### FIFTH DEFENSE

In the alternative, Plaintiff's claims are not actionable because the same decisions would have resulted even if an impermissible purpose had been considered.

### SIXTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims are not actionable because Plaintiff failed to exhaust his administrative remedies and/or failed to file a timely charge of discrimination with the appropriate administrative agency and/or because Plaintiff's claims were not investigated or considered by the administrative agency.

### EIGHTH DEFENSE

Defendant reserves the right to assert that some or all of Plaintiff's claims are barred by the applicable limitations period and/or were not brought in a timely manner.

**NINTH DEFENSE**

Some or all of Plaintiff's claims are not actionable because Plaintiff was not paid differently than females for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

**TENTH DEFENSE**

To the extent Plaintiff was paid at a rate less than female comparators, the pay differential resulted from a seniority system, a merit system, a system which measures earnings by quantity or quality of production, and/or other factors other than sex.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to liquidated damages because Defendant and its officers, directors, managers, and agents did not commit any repeated or willful violation of the Equal Pay Act, or ratify any such violation.

**TWELFTH DEFENSE**

Plaintiff is not entitled to liquidated or punitive damages with respect to any of his claims because Defendant did not engage in discriminatory or retaliatory practices, did not act with malice or in reckless or willful indifference or disregard to the legally protected rights of Plaintiff, and did not act in any other willful, egregious, vexatious, or improper manner that would support any award of punitive damages in this matter and because Defendant has made good faith efforts to comply with its duties under the law.

**THIRTEENTH DEFENSE**

Defendant reserves the right to assert additional affirmative defenses as they become known during the course of discovery.

WHEREFORE, Defendant having answered Plaintiff's Complaint, respectfully requests that the Court dismiss all of Plaintiff's claims against Defendant with prejudice, enter judgment in favor of Defendant and against Plaintiff as to each of Plaintiff's claims, award Defendant its costs and reasonable attorneys' fees, and allow Defendant such other and further relief as the Court may deem just and proper in this case.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca*
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail:  mdibianca@ycst.com

and

Elena D. Marcuss, Esquire
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, MD 21202
Telephone: (410) 659-4400
Facsimile: (410) 659-4547
Email:  emarcuss@mcguirewoods.com

Dated:  May 27, 2008